UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT DENNIS SHERROD,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>E. OREGEL,<br><br>　　　　　Respondent. | Case No. 1:19-cv-01075-LJO-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION<br><br>ECF No. 1<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>ECF No. 3 |

  Petitioner Albert Dennis Sherron, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254, ECF No. 1, and appointment of counsel, ECF No. 3. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, we must examine the habeas corpus petition and order a response unless it "plainly appears" that no relief is warranted. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Because petitioner has failed to state a cognizable habeas claim, we recommend that the petition be dismissed and that the motion for appointment of counsel be denied.

**Failure to State Cognizable Habeas Claim**

Petitioner submitted two habeas petition forms in the same filing. The court will consider them together. Petitioner did not provide grounds for his habeas petition on the first form. ECF No. 1. On the second form, he states that Peace Officer Oregel violated his Eighth and Fourteenth Amendment rights by filing a "bogus" disciplinary report against him. ECF No. 1 at 9, 20. He claims that Oregel saw another inmate attack him in an incident that caused him "serious brain damage." *Id*.

Habeas relief is the exclusive remedy for a prisoner challenging the fact or duration of his confinement and seeking an immediate or accelerated release. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). Here, petitioner does not argue that the disciplinary report increased his sentence, and he does not in any way challenge the fact or duration of his confinement. Therefore, this court lacks jurisdiction over his claim and cannot grant habeas relief. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (explaining challenges to the validity of confinement or to particulars affecting its duration are the province of habeas corpus).[1]

**Motion for Counsel**

Petitioner also moves for the appointment of counsel, stating that he lacks the funds to hire an attorney. ECF No. 3. A petitioner in a habeas proceeding does not have an absolute right to counsel. *See Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958) ("The Sixth Amendment has no application here . . . ."). There are three specific circumstances in which appointment of counsel is required in habeas proceedings. First, appointment of counsel is required for an indigent person seeking to vacate or set aside a death sentence in post-conviction proceedings under 28 U.S.C §§ 2254 or 2255. *See* 18 U.S.C. § 3599(a)(2). Second, appointment of counsel may be required if an evidentiary hearing is warranted. *See* R. Governing § 2254 Cases 8(c).

---

[1] Although petitioner cannot seek habeas relief for his claim, he may be able to seek relief based on the circumstances of his confinement in an action under 42 U.S.C. § 1983. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). Although petitioner's false disciplinary report claim is not likely to be cognizable in a § 1983 action, claims that an officer failed to protect an inmate from harm may be cognizable. To the extent petitioner wishes to seek recourse from the actions or inactions of Officer Oregel which led to his physical injuries, he is free to file a § 1983 complaint.

Third, appointment of counsel may be necessary for effective discovery. *See id*. at 6(a). None of these situations is present here.

This court is further authorized to appoint counsel for an indigent petitioner in a habeas corpus proceeding if the court determines that the interests of justice require the assistance of counsel. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A(a)(2)(B). However, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196. In assessing whether to appoint counsel, the court evaluates the petitioner's likelihood of success on the merits as well as the ability of the petitioner to articulate his claims without counsel, considering the complexity of the legal issues involved. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

We cannot conclude at this point that counsel is necessary to prevent a due process violation. The legal issues currently involved are not exceptionally complicated, petitioner is able to articulate his claims, and petitioner has not demonstrated a likelihood of success on the merits. Accordingly, we find that appointed counsel is not necessary to guard against a due process violation and that the interests of justice do not require the appointment of counsel at this time.

**Order**

Petitioner's motion to appoint counsel is denied. ECF No. 3.

**Findings and Recommendations**

We recommend that the court dismiss the petition and decline to issue a certificate of appealability. Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, we submit the findings and recommendations to the U.S. district court judge presiding over the case. Within fourteen days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: February 13, 2020

_____
UNITED STATES MAGISTRATE JUDGE

No. 206.