UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT DENNIS SHERROD,<br><br>            Petitioner,<br><br>   v.<br><br>E. OREGEL,<br><br>            Respondent. | Case No. 1:19-cv-01075-NONE-JDP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION<br><br>(Doc. No. 16) |

      Petitioner Albert Dennis Sherrod, a state prisoner proceeding without counsel in this action, seeks a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On February 14, 2020, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be dismissed for failure to state a cognizable claim for federal habeas relief. (Doc. No. 16.) The findings and recommendations were served on petitioner and contained notice that objections were due within fourteen (14) days. (*Id.*) The time for filing objections has passed and petitioner has failed to do so.[1]

---

[1] On February 28, 2020, petitioner notified this court of his intention to raise the claims in the instant petition in a forthcoming complaint under 42 U.S.C. § 1983. (*See* Doc. No. 17.)

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Petitioner states that Peace Officer Oregel violated his Eighth and Fourteenth Amendment rights by filing a "bogus" disciplinary report against him. (Doc. No. 1 at 9, 20.) He claims that defendant Oregel saw another inmate attack him in an incident that caused petitioner "serious brain damage." (*Id.*) Because petitioner does not argue that the disciplinary report increased his sentence and does not in any other way challenge the fact or duration of his confinement, habeas relief is unavailable to him based on these allegations. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (explaining challenges to the validity of confinement or to particulars affecting its duration are the province of habeas corpus).[2]

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

If, as here, a court dismisses a petition for a writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473,

---

[2] While a court may recharacterize a habeas petition into a § 1983 claim under certain circumstances, *Nettles*, 830 F.3d at 936, plaintiff's stated intent to file a separate § 1983 action (*see* Doc. No. 17) makes doing so unnecessary.

2

484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief wrong or debatable, and they would not conclude that petitioner is deserving of encouragement to proceed further with this habeas action. The court therefore declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on February 20, 2020 (Doc. No. 16) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of Court is directed to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: **March 17, 2020**

UNITED STATES DISTRICT JUDGE